# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**DANIEL MORRISON,**

    **Plaintiff,**    **CIVIL ACTION NO. 07-cv-14107**

  **vs.**      **DISTRICT JUDGE VICTORIA A. ROBERTS**

         **MAGISTRATE JUDGE MONA K. MAJZOUB**

**COMMISSIONER OF**
**SOCIAL SECURITY,**

    **Defendant.**
_____/

## REPORT AND RECOMMENDATION

**RECOMMENDATION:** Plaintiff's Motion for Summary Judgment (docket no. 8) should be DENIED, that of Defendant (docket no. 9) DENIED, and the case REMANDED.

\*\*\*

Plaintiff filed an application for Disability and Disability Insurance Benefits on May 3, 2002, alleging that he had been disabled and unable to work since April 15, 2002[1], as a result of lateral epicondylitis and tendinitis in the right elbow, tendinitis in the right wrist and bilateral carpal tunnel syndrome. (TR 63-65, 69). The Social Security Administration denied benefits. (TR 55-58). A requested *de novo* hearing was held on November 3, 2003 before Administrative Law Judge (ALJ) Jerome B. Blum. (TR 260). On January 16, 2004 the ALJ issued a decision finding that the claimant could perform a limited range of sedentary work, therefore, he was not entitled to a period of disability or Disability Insurance Benefits because he was not under a disability at any time through the date of the ALJ's decision. (TR 199-203). The Appeals Council granted review of the ALJ's decision and remanded the case for further proceedings in an order dated September 27, 2004.

---

[1] Plaintiff's original onset date was October 8, 2001; he amended it. (TR 21).

(TR 208-10). Plaintiff appeared for hearing before the ALJ on July 18, 2005 (TR 283-306). On October 21, 2005 the ALJ issued a decision finding that Plaintiff was not disabled at any time through the date of the decision. (TR 20-24). On July 31, 2007 the Appeals Council (AC) denied Plaintiff's Request for Review. (TR 7-9). The parties filed Motions for Summary Judgment. The issue before the Court is whether the ALJ's decision is supported by substantial evidence and whether the ALJ erred as a matter of law by failing to follow the AC's September 27, 2007 Order.

Plaintiff was born on March 15, 1959 and was 44 years old at the time of the first hearing. (TR 263). Plaintiff has a high school education with some college education and last worked as a press operator in October 2001. (TR 70). At the November 3, 2003 hearing Plaintiff testified that he stopped working on October 8, 2001 due to severe pain in his right elbow. (TR 265-66). Plaintiff testified that he was no longer able to operate torque air guns or hold onto parts due to the pain in his arm. (TR 266).

The issues raised by Plaintiff are primarily questions of law, as set forth below. However, the Court has reviewed the record in full. By way of background, the medical records and Plaintiff's reports show that he complained of and was treated for hand, wrist and elbow impairments manifesting as pain in the right wrist and hand and decreased strength in his right arm and pain in his left wrist, for which he began treating in approximately October 2000. (TR 69, 71, 120-22, 130-49, 151-91, 222). Plaintiff reports, and the record supports, problems with his upper extremities as far back as 1995. (TR 93, 108, 123-29). In July 2004 Plaintiff complained of pain on the plantar aspect of his right heel. (TR 217-21). X-rays revealed a small calcaneal spur on the right foot. (TR 217-21).

**ADMINISTRATIVE LAW JUDGE'S AND APPEALS COUNCIL'S DETERMINATIONS:**

The ALJ found that although Plaintiff met the disability insured status requirements from April 15, 2002, the date the claimant stated that he became unable to work, through the October 21, 2005 date of the decision, had not engaged in substantial gainful activity since April 15, 2002, and suffered from tendinitis of the right wrist, epicondylitis of the right elbow, bilateral carpal tunnel syndrome and a right heel spur, he did not have an impairment or combination of impairments that met or equaled the Listing of Impairments. (TR 22-23). Additionally, the ALJ found that Plaintiff's allegations are not wholly credible. (TR 23). The ALJ found that Plaintiff was unable to perform his past relevant work, but was capable of performing a limited range of sedentary work and there were a significant number of such jobs existing in the national and local economy. (TR 23). Therefore he was not suffering from a disability under the Social Security Act. (TR 23).

**STANDARD OF REVIEW:**

Pursuant to 42 U.S.C. § 405(g), this Court has jurisdiction to review the Commissioner's final decisions. "[I]f the Appeals Council grants review of a claim, then the decision that the Council issues is the Commissioner's final decision." *Sims v. Apfel*, 530 U.S. 103, 106-07 (2000). The ALJ's October 21, 2005 decision is the final decision to be reviewed in this matter. Because the October 2005 decision incorporates portions of the ALJ's earlier findings, both decisions are referenced in the analysis.

Pursuant to 42 U.S.C. § 405(g), this Court has jurisdiction to review the Commissioner's final decisions. Judicial review of the Commissioner's decisions is limited to determining whether his findings are supported by substantial evidence and whether he employed the proper legal standards. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Walters v. Comm'r*, 127 F.3d 525,

528 (6th Cir. 1997). Substantial evidence is more than a scintilla but less than a preponderance; it is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson*, 402 U.S. at 401 (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Walters*, 127 F.3d at 528. It is not the function of this Court to try cases *de novo*, resolve conflicts in the evidence or decide questions of credibility. *See Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. *See Kirk v. Sec'y of Health and Human Servs.*, 667 F.2d 524, 536 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the reviewing court would decide the matter differently, *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite conclusion. *See Her v. Commissioner*, 203 F.3d 388, 389-90 (6th Cir. 1999); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc) (noting that the substantial evidence standard "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts").

**DISCUSSION AND ANALYSIS:**

Plaintiff's Social Security disability determination was made in accordance with a five step sequential analysis. In the first four steps, Plaintiff was required to show that:

(1)     he was not presently engaged in substantial gainful employment; and

(2)     he suffered from a severe impairment; and

(3)     the impairment met or was medically equal to a "listed impairment;" or

(4)     he did not have the residual functional capacity to perform his relevant past work.

4

*See* 20 C.F.R. §§ 404.1520(a)-(f). If Plaintiff's impairments prevented him from doing his past work, the Commissioner, at step five, would consider his residual functional capacity ("RFC"), age, education and past work experience to determine if he could perform other work. If he could not, he would be deemed disabled. *See* 20 C.F.R. §§ 404.1520(g). The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Her*, 203 F.3d at 391. To meet this burden, the Commissioner must make a finding "supported by substantial evidence that [the claimant] has the vocational qualification to perform specific jobs." *Varley v. Sec'y of Health and Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987).

Plaintiff argues that the ALJ failed to follow the AC's remand order because (1) the ALJ's finding that the Plaintiff has the RFC "to perform the physical exertion and nonexertional requirements of work except for lifting over 5 pounds with frequent standing and walking" was not supported by substantial evidence and did not comply with the AC's Remand Order and (2) the ALJ failed to identify and resolve any conflicts between the Vocational Expert's (VE) testimony and the information in the Dictionary of Occupational Titles and the Selected Characteristics of Occupations under SSR 00-4p. (TR 23).

***The ALJ Complied With The Appeals Council's Remand Order With Respect To Plaintiff's RFC***

Plaintiff appears to argue that the ALJ reduced the exertional level of Plaintiff's RFC due to Plaintiff's heel spurs and therefore, the ALJ's Finding No. 5 is in error because it states that "[t]he claimant has the residual functional capacity to perform the physical exertion and nonexertional requirements of work except for lifting over 5 pounds with frequent standing and walking." (TR 23). It his argument, Plaintiff emphasized the phrase "frequent standing and walking" with bold font. (Pl's Br. at 7). Although Finding No. 5 could have been more clearly written, this was not

5

error. The phrase "except for" applies to both "lifting over 5 pounds" and "frequent standing and walking." Any other reading is contrary to the remainder of the ALJ's decision and findings, the discussion at the hearing regarding the definition of a sedentary job, the hypothetical question to the vocational expert and the VE's testimony in response[2]. (TR 291-305). The ALJ found that Plaintiff has an exertional capacity for less than the full range of sedentary work. (TR 23). Specifically, Plaintiff has the RFC to perform the physical and non-exertional limitations of sedentary work but is further limited to performing non-industrial work with only occasional fine and gross manipulation and no lifting over five pounds. (TR 23). Sedentary work is defined as "lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. § 404.1567(a). A sedentary job does not require frequent standing and walking.

The ALJ's hypothetical to the VE included an RFC for limited sedentary work. (TR 300). Nowhere in the hearing transcript does the ALJ question the VE regarding jobs that would entail a greater walking and standing requirement than that contemplated by a sedentary classification. (TR 283-306). At the hearing the ALJ asked the Plaintiff "I assume you're better off your feet than on your feet, right? Less pain and swelling when you're sitting than when you're standing and walking?" (TR 293). The ALJ told Plaintiff that "[s]edentary work is basically sit down." (TR

---

[2] Defendant argues that the ALJ's Finding No. 5 contains a typographical error and should have read "infrequent standing and walking." (Def's Br. Docket no. 9 at 12 of 15). Defendant's argument is supported by the same analysis. In either event, Plaintiff's reading is not supported by the remainder of the ALJ's decision or the record.

6

291). Plaintiff's reading of the ALJ's Finding No. 5 as *requiring* work "with frequent standing and walking" is strained at best and is not supported by the remainder of the ALJ's decision or the record. The ALJ did not err in this finding. (TR 23).

***Whether the ALJ Resolved Any And All Conflicts Between The Occupational Evidence Provided By The Vocational Expert and the Dictionary of Occupational Titles***

The AC ordered the ALJ on remand to

> [A]sk the vocational expert to identify examples of appropriate jobs and to state the incidence of such jobs in the national economy (20 CFR 404.1566 and/or 416.966). Further, before relying on the vocational expert evidence the Administrative Law Judge will identify and resolve any conflicts between the occupational evidence provided by the vocational expert and the information in the Dictionary of Occupational Titles (DOT) and its companion publication, the Selected Characteristics of Occupations (Social Security Ruling 00-4p). (TR 209-10).

Plaintiff argues that the ALJ failed to identify and resolve any conflicts pursuant to SSR 00-4p.

SSR 00-4p requires that

> When a VE . . . provides evidence about the requirements of a job or occupation, the adjudicator has an affirmative responsibility to ask about any possible conflict between that VE or VS evidence and information provided in the DOT. In these situations the adjudicator will:
> Ask the VE or VS if the evidence he or she has provided conflicts with information provided in the DOT; and
> If the VE's or VS's evidence appears to conflict with the DOT, the adjudicator will obtain a reasonable explanation for the apparent conflict. SSR 00-4p.

At the October 2005 hearing the ALJ did not inquire about whether there was a conflict between the VE's testimony and the DOT. The ALJ inquired only whether the jobs listed by the VE are "[f]ound in the DOT?" This is not the same as questioning whether the VE's evidence conflicts with the DOT and the Selected Characteristics of Occupations publication. The VE provided some indication that there may be a conflict between the jobs cited by the VE, classified as "sedentary," which includes occasionally lifting and/or carrying up to ten pounds, and the VE's testimony that

7

the average weight at these jobs is less than two pounds. (TR 302). The VE further testified that these jobs allow Plaintiff to change posture from sitting to standing. The VE did not provide DOT codes with the jobs and did not state the incidence of each job in the economy, but rather, provided a total number for all four of the jobs cited by the VE: "[G]ate tender, information clerk, security monitor and badge checker." (TR 301). An electronic search of the DOT reveals that the position "gate tender" is listed at a medium exertional level and is a machine trade occupation. A "gate attendant" is defined under Ticket Taker DOT code no. 344.667-010 and is classified as light exertion, not sedentary. Without the DOT codes for these jobs the Court cannot determine whether a conflict exists.

This case should be remanded to comply with the AC's Order on this issue. On remand, the ALJ will ask the vocational expert to identify jobs available in response to a hypothetical question based on Plaintiff's limitations, and for each job the VE will supply a DOT code and state the incidence of that particular job in the national economy. The ALJ will ask the VE if the evidence he or she has provided conflicts with information provided in the DOT. *See* SSR 00-4p. If the VE testifies that the evidence conflicts, the ALJ will obtain from the VE a reasonable explanation for this conflict and the basis for the VE's explanation. If the evidence provided by the VE is not consistent with the information in the DOT, the ALJ "must resolve this conflict before relying on the VE . . . evidence to support a determination or decision that the individual is or is not disabled. The [ALJ] will explain in the determination or decision how he or she resolved the conflict." SSR 00-4p.

The VE's testimony was the only step five evidence upon which the ALJ relied.

Consequently, the Court cannot rule that there is substantial evidence to support the ALJ's step five finding. A remand for further fact finding is required so that the Commissioner can conduct a new step five inquiry using the proper application of SSR 00-4p in compliance with the AC's order as set forth above.

***The ALJ Complied With The Remainder Of The Appeals Council's Order And His Findings Are Supported by Substantial Evidence***

Defendant states that Plaintiff "appears to" challenge the ALJ's findings with respect to his heel spurs. On the contrary, Plaintiff does not raise or challenge any of the ALJ's findings regarding Plaintiff's medical impairments in his Motion for Summary Judgment. Plaintiff refers to the heel spurs in the context of the RFC and the ALJ's use of the phrase "frequent standing and walking," as discussed above. Because this issue is raised by Defendant the Court will address it briefly. After a review of the evidence in the record, the Court adopts Defendant's summary of the medical evidence related to Plaintiff's heel spurs. (Docket no. 9 at 7-15). There is no substantial evidence showing limitations due to the heel spurs which were not included in the ALJ's RFC or which would support a more restrictive RFC. To the extent Defendant points out that Plaintiff reported using Vicodin and later Darvocet for his pain, Plaintiff testified at the July 18, 2005 hearing that he was taking no pain medication at the time of the hearing. (TR 296). Plaintiff further testified that in December 2004 Gary Wasiak, D.P.M., was discussing surgery for his heel spurs. (TR 298). Plaintiff testified that his primary care physician would not approve the surgery due to Plaintiff's high blood pressure. (TR 298). Plaintiff, however, was not taking blood pressure medication at the time of the hearing and testified that he had finished taking sample blood pressure medication from his primary care physician. (TR 299). Plaintiff failed to get a prescription for additional blood pressure medication when he finished the samples, despite having medical insurance. (TR 299).

On March 25, 2005 Elizabeth W. Edmond, M.D., concluded in her consultative examination that Plaintiff's standing and walking were not limited by his impairments. (TR 230). The ALJ's findings with respect to Plaintiff's heel spurs are supported by substantial evidence and there is not substantial evidence in the record supporting an RFC with greater limitations than that set forth by the ALJ. The heel spur impairment was included in the ALJ's RFC limiting Plaintiff to sedentary work, rather than light work as opined by the state agency physician prior to Plaintiff's heel spur condition.

Although not raised in Plaintiff's brief, it is worth noting that the ALJ also complied with the remainder of the AC's Order to Remand. (TR 208-10). The ALJ expressly considered the state agency medical consultant's opinion. (TR 22, 99-106). The ALJ incorporated the state medical consultant's manipulative limitations and concluded that Plaintiff had a more restrictive RFC than that opined by the medical consultant. (TR 23, 99-106). Prior to the October 2005 hearing the ALJ obtained updated medical records including records from Gary A. Wasiak, D.P.M., from July 2004 through December 2004 and Parveen Qazi, M.D., from January 2004[3]. (TR 217-22). Finally, the

---

[3] The transcript also contains medical records from Brian Kolender, M.D., from October 2003, March 2004, April 2004 and January 2005, which were submitted to the AC on September 20, 2005. (TR 236-55). The AC denied review. (TR 7-9). The "court is confined to review evidence that was available to the Secretary, and to determine whether the decision of the Secretary is supported by substantial evidence." *Wyatt v. Sec'y of Health and Human Servs.*, 974 F.2d 680, 685 (6th Cir. 1992) (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). The court may still remand the case to the ALJ to consider this additional evidence but only upon a showing that the evidence is new and material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g); *Foster*, 279 F.3d 348, 357 (6th Cir. 2001). This is referred to as a "sentence six remand" under 42 U.S.C. § 405(g). *See Delgado v. Comm'r of Soc. Sec.*, 30 Fed. Appx. 542, 549 (6th Cir. 2002). The party seeking remand has the burden of showing that it is warranted. *See Sizemore v. Sec'y of Health and Human Servs.*, 865 F.2d 709, 711 (6th Cir. 1988). "A claimant shows 'good cause' by demonstrating a reasonable justification for the failure to acquire and present the evidence for inclusion in the hearing before the ALJ." *Foster*, 279 F.3d at 357 (citing *Willis v. Sec'y of*

ALJ obtained an additional orthopedic consultative examination. (TR 209, 223-33, 285). The ALJ cited extensively to Dr. Edmond's examination records in his decision and his RFC is more restrictive than Dr. Edmond's conclusions. (TR 21-22).

**CONCLUSION**

Defendant's Motion for Summary Judgement (docket no. 9) should be DENIED. Plaintiff's Motion for Summary Judgment (docket no. 8) should be DENIED. The case should be REMANDED for further factual development at step five as set forth herein.

**REVIEW OF REPORT AND RECOMMENDATION:**

Either party to this action may object to and seek review of this Report and Recommendation, but must act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers*

---

*Health & Human Servs.*, 727 F.2d 551, 554 (6th Cir. 1984)). "In order for the claimant to satisfy his burden of proof as to materiality, he must demonstrate that there was a reasonable probability that the Secretary would have reached a different disposition of the disability claim if presented with the new evidence." *Sizemore*, 865 F.2d at 711 (citing *Carroll v. Califano*, 619 F.2d 1157, 1162 (6th Cir. 1980)). "Evidence of a subsequent deterioration or change in condition after the administrative hearing is deemed immaterial." *Wyatt*, 974 F.2d at 685 (citing *Sizemore*, 865 F.2d at 712).

Plaintiff has not asked the Court for a sentence six remand for consideration of Dr. Kolender's records and has not alleged that the evidence is new, material, or that there was good cause for failing to provide it in the prior hearing. The Court should not consider this evidence and should not remand this case pursuant to sentence six. (TR 236-55).

*Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Rule 72.1(d)(2) of the *Local Rules of the United States District Court for the Eastern District of Michigan*, a copy of any objection must be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: October 06, 2008                  s/ Mona K. Majzoub
MONA K. MAJZOUB
UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Counsel of Record on this date.

Dated: October 06, 2008                  s/ Lisa C. Bartlett
Courtroom Deputy